J-S33036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER SANTIAGO | |
| Appellant | No. 1434 EDA 2013 |

Appeal from the Order Dated May 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: MC-51-CR-0005372-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 25, 2014**

Appellant, Alexander Santiago, appeals from the trial court's May 7, 2013 order denying his petition for a writ of certiorari.  Appellant filed that petition after a judge of the Philadelphia Municipal Court, sitting as factfinder, found Appellant guilty of unsworn falsification to authorities (18 Pa.C.S.A. § 4904).[1]  We affirm.

---

[1]  Appellant was convicted under § 4904(a)(1):

§ 4904.  Unsworn falsification to authorities.

> (a)   In general. --A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:

>> (1) makes any written false statement which he does not believe to be true[.]

*(Footnote Continued Next Page)*

In the early hours of January 9, 2012, Detective Myrna Rivera ("Detective Rivera") interviewed Appellant in the emergency room of Temple Hospital, where Appellant was receiving treatment for a gunshot wound. Appellant told Detective Rivera he was shot while walking his girlfriend home. Appellant lives in the home of his grandmother, which is approximately twenty blocks from his girlfriend. Appellant claimed he hopped home on one leg and hid in the basement. Appellant's grandmother claimed she heard a loud noise in her home, followed by someone screaming in pain. She investigated and found Appellant on the floor bleeding and crying. She then summoned the ambulance that transported Appellant to the Temple Hospital ER. Based on the evidence, the municipal court judge found that Appellant lied to Detective Rivera in order to conceal that he shot himself in the leg. The judge found Appellant guilty of the aforementioned offense and imposed a sentence of twelve months' probation.

Appellant filed a petition for writ of certiorari in the Philadelphia Court of Common Pleas. The Common Pleas Court conducted a hearing on May 7, 2013, at the conclusion of which it entered the order on appeal. Appellant filed a timely notice of appeal on May 13, 2013. In his sole assertion of error, Appellant claims the record contains insufficient evidence in support of his conviction. Appellant's Brief at 3.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

18 Pa.C.S.A. § 4904(a)(1).

We apply the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Antidormi**, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 2014 Pa LEXIS 1647 (Pa. July 7, 2014).

Appellant claims the evidence against him is insufficient because he did not provide a written statement to police. Appellant claims his oral statement to Detective Rivera is not sufficient to sustain his conviction under § 4904(a)(1).

The record reveals that Detective Rivera memorialized Appellant's statements in writing, and that Appellant signed Detective Rivera's written account of Appellant's statements. Appellant argues that signing a document prepared by another individual is not sufficient to sustain a conviction under § 4904(a)(1). Binding precedent holds otherwise. In

*Commonwealth v. Cherpes*, 520 A.2d 439 (Pa. Super. 1987), *appeal denied*, 530 A.2d 866 (Pa. 1987), the defendant was convicted under 4904(a)(1) for a falsified financial disclosure statement. The defendant argued the evidence was insufficient because his wife prepared the statement and signed it for him while he was out of town. *Id.* at 444. A Commonwealth witness testified that the signature on the document appeared to be in the defendant's handwriting, and on that basis we rejected the defendant's sufficiency of the evidence argument. *Id.* In other words, the *Cherpes* Court found sufficient evidence in support of a § 4904(a)(1) conviction where the defendant signed a document containing information he knew to be false, regardless of who prepared the contents of the document.

We conclude *Cherpes* controls the instant case. Since Appellant signed a document containing the lies he told to Detective Rivera, the record contains sufficient evidence that he provided a written false statement in violation of § 4904(a)(1). Appellant argues *Cherpes* is not controlling because it is not clear from that case that the financial disclosure statement memorialized the defendant's false oral statements. We find Appellants' attempted distinction unavailing. The *Cherpes* Court found it unnecessary to assess the source of the false information in the writing. The defendant's signature on a document containing information he knew to be false was sufficient. The same principle applies here.

Appellant also asserts his statement to Detective Rivera was not materially different from his grandmother's testimony, and that he therefore did not provide false information. As set forth above, Appellant's grandmother's testimony indicates that Appellant shot himself in his grandmother's home. Appellant's statement to Detective Rivera indicates that another individual shot Appellant while he was walking his girlfriend home. The Municipal Court judge, as finder of fact, was free to credit Appellant's grandmother's testimony that she heard a loud noise followed by screaming, and that she found Appellant on the floor crying and bleeding. ***Antidormi***, 84 A.3d 756. Moreover, Appellant's version of events—that he hopped twenty blocks after walking his girlfriend home—simply strains credulity. Contrary to his Argument, Appellant's story differs substantially from the account of his grandmother, as also found by the municipal court judge.

Based on the foregoing, we find Appellant's assertion of error lacking in merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2014